**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DOWN TO EARTH LANDSCAPING, : | CIVIL ACTION NO. 06-578 (MLC) |
| Plaintiff, : | **MEMORANDUM OPINION** |
| v. : |  |
| NEW JERSEY STATE BOARD OF : MEDIATION, et al., : |  |
| Defendants. : |  |

**COOPER, District Judge**

Plaintiff, Down to Earth Landscaping ("DTE"), moves, <u>inter alia</u>, to vacate the arbitration award issued on November 24, 2006 in <u>Down to Earth Landscaping, Inc. v. Southern New Jersey Building Laborers District Council</u>, No. 04-0805 (November 24, 2006) (Pecklers, Arb.) ("11-24-06 Opinion & Award"). (Dkt. entry no. 26.) The defendant union ("Union") opposes the motion and cross-moves to confirm the 11-24-06 Opinion & Award. (Dkt. entry no. 32.) DTE opposes the cross motion. (<u>See</u> dkt. entry no. 33.) The Court, for the reasons stated herein, will deny the motion and grant the cross motion.

### BACKGROUND

DTE is a New Jersey corporation providing landscaping services. (Dkt. entry no. 24, DTE Br., at 1.) The Union is a labor union organized under the National Labor Relations Act, and a member of the Construction and Building Laborers District

Councils. (Dkt. entry no. 32, Union Br., at 16.) In October 2000 DTE was hired to perform landscaping services at a medical facility in Somerset County, New Jersey ("Medical Arts Job"). (DTE Br., at 1.) DTE "had the need for experienced heavy equipment operators and communicated with" the Union "in this regard" about the Medical Arts Job. (Dkt. entry no. 1, Compl., at ¶ 6; see dkt. entry no. 14, 5-17-06 Mem. Op. on Mot. to Compel Arb. ("5-17-06 Mem. Op."), at 2.)

In order to provide its labor, the Union requested that DTE sign a single page Short Form Agreement. (5-17-06 Mem. Op., at 2.) The Short Form Agreement was signed on October 23, 2000, by the secretary for DTE's founder and president, William M. Merkler, at Merkler's direction. (DTE Br., at 3; Union Br., at 2.) The Short Form Agreement states in relevant part:

> The Undersigned Contractor or Employer, desiring to employ laborers from the Building Laborer Local Unions and District Councils affiliated with the Laborers International Union of North America, and being further desirous of building, developing and maintaining a harmonious working relationship between the Undersigned Contractor and the Building Laborers Local Unions and District Councils of New Jersey . . . and the work accomplished with the efficiency, economy and quality that is necessary in order to expand the work opportunities of both parties, and the Building Laborers Local Unions and District Councils of New Jersey desiring to fulfill the Undersigned Contractor's requirements for such laborers . . . .

(Dkt. entry no. 24, Ex. C.) Pursuant to the Short Form Agreement, DTE and the Union agreed:

2

> to be bound by the terms and conditions as set forth in the Building, Site and General Construction Agreement by and between the Building Laborer Local Unions and District Councils of New Jersey and various Building, Site and General Construction Contractors and Employers, which Agreement is incorporated herein as if set forth in full.

(Id.)

The collective bargaining agreement ("CBA"), referenced and incorporated into the Short Form Agreement, contains a provision applicable to "all construction work that is described in this Agreement or the Manual of Jurisdiction of the Laborers' International Union of North America, which is incorporated herein by reference and any other work within the traditional jurisdiction of the Union shall be performed in accordance with the terms of this Agreement." (Dkt. entry no. 24, Ex. D, at ¶ 2.20.) Under the terms of the CBA, DTE was to give the Union the first opportunity to furnish it with laborers and apprentices for its projects, and the Union agreed to provide such laborers provided that DTE notified the Union twenty-four hours before the laborers were needed and stated the number needed, their necessary skill level, and the time and place of the specific project. (Id. at ¶ 3.20.)

The CBA notes that its terms are applicable to all construction work performed within the recognized jurisdiction of the Union, and further notes it is "effective and binding on all jobs in the State of New Jersey . . . ." (Id. at ¶¶ 2.20, 2.30).

The effective dates of the Agreement were May 1, 1997, through midnight on April 30, 2002.  (Id. at ¶ 21.10.)  The CBA includes an "evergreen provision" which provides for the automatic renewal of the agreement in the absence of an affirmative termination notice from the employer.  (Id. at ¶ 23.10.)  The agreement also provides that the parties agree to submit disputes to the "New Jersey State Board of Mediation for binding arbitration on an expedited basis."  (Id. at § 2.20.)

After completion of the Medical Arts Job, DTE had no additional communications and hired no additional employees from the Union.  (5-17-06 Mem. Op., at 3; DTE Br., at 3.)  In February 2005, DTE secured a commercial contract for landscaping services with Six Flags Great Adventure Amusement Park in Jackson, New Jersey ("Six Flags Job").  (5-17-06 Mem. Op., at 3.)  In April 2005, DTE was contacted by the Union, which demanded that DTE hire union employees for the Six Flags Job pursuant to the terms of the Short Form Agreement.  (Id.)  DTE refused and completed the project, without using any Union employees, in June 2005.  (Id.)

The Union requested the New Jersey State Board of Mediation mediate the dispute between DTE and the Union over DTE's use of non-union labor at the Six Flags Job.  (Id.)  DTE subsequently brought an action in state court seeking to restrain arbitration proceedings pending a determination on whether the Short Form

Agreement was a valid contractual agreement between DTE and the Union, and whether the dispute required binding arbitration. (Id.)  The Union removed the action to this Court and moved to compel arbitration, which was granted by Judge Chesler.  (See 5-17-06 Mem. Op.)

Arbitrator Pecklers (the "Arbitrator") conducted a hearing and issued an award in favor of the Union, concluding that the Short Form Agreement and CBA were enforceable against DTE and that DTE was liable for all lost work opportunities at the Six Flags Job.  (Dkt. entry no. 24, Ex. E, at 20-21.)  The Arbitrator awarded the Union damages based upon the amount of the hours worked as set forth in DTE's records and the prevailing wage and contribution rates set forth in the CBA.  (Id.)

**DISCUSSION**

**I.   Legal Standards**

The Federal Arbitration Act, 9 U.S.C. § ("Section") 1, et seq., (the "FAA") states that contract provisions requiring arbitration are valid and enforceable.  See 9 U.S.C. § 2.  Once an arbitrator reaches a decision in a matter, Section 9 of the FAA permits district courts to confirm the arbitration award as a final judgment.  N.J. Bldg. Laborers Statewide Benefit Funds v. Thomas Fireproofing, Inc., No. 06-1034, 2006 U.S. Dist. LEXIS 27589, at *3 (D.N.J. May 5, 2006).  Specifically, Section 9 provides:

5

> [i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award. . . . If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9.

A district court also may vacate an arbitration award upon application by either party if (1) it was procured by corruption, fraud, or undue means, (2) there was "evident partiality or corruption" with respect to the arbitrator, (3) the arbitrator committed misconduct by refusing to postpone the hearing, refusing to hear pertinent and material evidence or otherwise committing misbehavior that prejudiced the rights of a party, or (4) the arbitrator exceeded his or her powers or failed to reach "a mutual, final, and definite award".  9 U.S.C. § 10(a). However, district courts have very limited authority to vacate an arbitration award, and cannot overrule an arbitrator simply because they disagree with the arbitrator's construction of the contract at issue.  United Transp. Union Local 1589 v. Suburban Transit Corp., 51 F.3d 376, 379 (3d Cir. 1995).  Instead, an arbitration award must be enforced as long as the arbitrator arguably construed or applied the contract, and even if the arbitrator has committed a serious error.  Id.  Therefore, "there must be absolutely no support at all in the record justifying the

arbitrator's determinations for a court to deny enforcement of an award." Id. (citation omitted).

An arbitration award that is based on construction of a collective bargaining agreement cannot be vacated if the award "draws its essence" from the collective bargaining agreement. Id.; Eichleay Corp. v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers, 944 F.2d 1047, 1056 (3d Cir. 1991) (noting that an award can be vacated only if it does not draw its essence from the collective bargaining agreement at issue). An arbitration award "draws its essence" from a collective bargaining agreement if the arbitrator's interpretation "can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention." Suburban Transit Corp., 51 F.3d at 380 (citations omitted). Thus, a district court can only disrupt an arbitrator's award if such arbitrator acted with manifest disregard for the law, or the record before the arbitrator reveals absolutely no support for the determination. Id.; Eichleay Corp., 944 F.2d at 1056.

**II. Legal Standards Applied Here**

    **A.   The Parties' Contentions**

DTE moves to vacate the 11-24-06 Opinion & Award because the Arbitrator (1) failed to resolve all issues presented, (2) committed "manifest disregard of the law" by failing to resolve

DTE's allegations of fraud, and (3) committed "gross error in refusing to consider DTE's equitable arguments." (See DTE Br.)[1]

The Union argues the 11-24-06 Opinion & Award should be confirmed in light of this Court's narrow standard of review and because "the arbitrator properly acted within his authority, drawing the essence of the reward from the contract at issue in coming to his final decision." (Union Br., at 1.) More specifically, the Union argues the arbitrator (1) "properly framed the issues as whether the Short Form Agreement signed by DTE was enforceable and, if so, whether DTE violated the [CBA] by failing to apply it at [the Six Flags Job]," (2) properly found DTE in breach of the Short Form Agreement and CBA for its failure to employ Union employees on the Six Flags Job, and (3) "squarely rejected" DTE's arguments that the Short Form Agreement was only applicable to the Medical Arts Job and that the Short Form Agreement was invalid due to fraud. (Id. at 9.)

**B.   The Arbitrator's Award was Supported by the Record**

The Arbitrator stated that he reviewed the testimony proffered at the October 18, 2006 hearing prior to concluding

---

[1] The Court will not address DTE's arguments insofar as they allege (1) certain Unions should have been dismissed from the action for lack of standing, as this argument was not previously raised and not before the arbitrator below, and (2) the CBA is unenforceable for lack of certainty, as this argument was properly addressed by the Arbitrator with reference to DTE's claims of fraud, and will be addressed as such by this Court as well.

that DTE violated the CBA.  (11-24-06 Opinion & Award, at 4.) The Arbitrator also reviewed and cited certain relevant portions of the CBA and Short Form Agreement in his 11-24-06 Opinion & Award.  (Id. at 4-7.)  Similarly, the Arbitrator reviewed at length the arguments presented by DTE and the Union, and the Court finds DTE's arguments that the Arbitrator ignored or mischaracterized its arguments as completely without merit, as discussed in more detail infra.  (Id. at 7-13.)  Thus, the Court finds that the Arbitrator's 11-24-06 Opinion & Award is supported by the record.

This Court, as discussed supra, must enforce an arbitration award as long as the arbitrator arguably construed or applied the contract, and even if the arbitrator has committed a serious error. Suburban Transit Corp., 51 F.3d at 379. Here, neither the Short Form Agreement nor the CBA states that its applicability is limited to the Medical Arts Job.  Moreover, the unambiguous language of the Short Form Agreement contemplates a long-term, or at least indefinite, working relationship between an employer and the Union.  The Short Form Agreement and CBA incorporated therein remained in effect at the time of the Six Flags Job in 2005 because DTE admits that it did not seek to terminate the agreement pursuant to the CBA's "evergreen provision."  (DTE Br., at 34.)

9

The Arbitrator properly noted that DTE failed to take advantage of the very specific termination procedure outlined in the CBA, and therefore the "evergreen provision" was triggered, which binds an employer from year-to-year. (11-24-06 Opinion & Award, at 17.) Therefore, the Arbitrator concluded:

> by executing the Short Form Agreement, the entire CBA was incorporated by reference [and DTE] was then obligated to follow the articulated process for terminating its relationship with the Union. Mr. Merkler was obviously free not to read the Short Form Agreement, or receive a copy of the CBA, but he did so at his own peril.

(Id.) Thus, the Court finds the Arbitrator properly construed the contract in rejecting DTE's argument that it did not agree to an ongoing relationship with the Union. Moreover, in so construing the contract the Arbitrator squarely rejected DTE's "equitable arguments" regarding the formation of the contract.

By executing the Short Form Agreement, DTE agreed to the terms of the CBA, which provides, inter alia, that (1) it must give the Union the first opportunity to furnish laborers and apprentices for its construction projects, (2) grievances arising from the CBA must be submitted to an arbitrator, (3) the terms of the CBA were applicable to all construction work performed within the recognized jurisdiction of the Union, and "effective and binding on all jobs in the State of New Jersey", and (4) the CBA would be renewed year-to-year pursuant to its "evergreen provision" unless DTE followed the proper termination procedure.

(Dkt. entry no. 24, Ex. D, at ¶¶ 2.20, 3.20, 21.10, 23.10.) Accordingly, the Arbitrator's conclusion that DTE breached the CBA can be rationally derived from the language of that agreement, as well as its context.  See Suburban Transit Corp., 51 F.3d at 380.  Therefore, the Court finds that the 11-24-06 Opinion & Award "drew its essence" from the CBA and is supported by the record.  See id.; Eichleay Corp, 944 F.2d at 1056.

    **C.    DTE Has Not Demonstrated a Sufficient Basis for Vacating the Arbitrator's Award**

None of the grounds for vacating an arbitration award set forth in Section 10 of the FAA are applicable here.  DTE does not allege that any fraud or corruption occurred in connection with the arbitration proceedings or that the Arbitrator exceeded his powers or failed to reach a final determination.  See 9 U.S.C. § 10(a).  (See DTE Reply Br., at 7 (noting "allegations that the Arbitrator 'exceeded his authority'" are not among the reasons DTE moves to vacate).)  Moreover, the Arbitrator did address and ultimately reject DTE's arguments that the Union fraudulently induced it to execute the Short Form Agreement by misrepresenting that DTE would only be required to use Union employees for the Medical Arts Job.  (See Union Reply Br., at 7.)  The Arbitrator concluded:

> [s]everal considerations militate against finding that fraud in the inducement was present with regard to the October 23, 2000 valid execution of the [Short Term Agreement] by [DTE] and the Union.  Even a cursory reading of the document could not have possibly yielded

> the conclusion that the sole purpose of the same was limited to the [Medical Arts] Job.  Indeed, the Short Form Agreement is open ended, speaking of "building, developing, maintaining a harmonious working relationship . . . ."
>
> In that regard, the Union has introduced persuasive evidence rejecting the notion that the Short Form Agreement is limited to a specific project. . . .
>
> On cross-examination, Mr. Merkler testified that he had instructed [his secretary] to execute the [Short Form Agreement] on his behalf.  He also advised that he had not asked her to read it to him before doing so, or reviewed the document when he came back to the office from the field or at any other time thereafter.  Notice is taken that no allegation was made that a Union representative somehow led the Employer down a primrose path.  And since [the secretary] apparently no longer works for [DTE], she was not available to buttress the Employer's arguments.
>
> Moreover, we have only Mr. Merkler's understanding of what the document he never saw represented.  As such, I credit the Union's argument that at best, a unilateral mistake has taken place, and not a mutual mistake, as the Employer suggests.

(11-24-06 Opinion & Award, at 15-16.)  Thus, the Court concludes DTE's argument that the Arbitrator failed to resolve its claims of fraud is without merit.

### CONCLUSION

The Court, for the reasons stated <u>supra</u>, will (1) deny DTE's motion to vacate the 11-24-06 Opinion & Award, and (2) grant the Union's cross motion to confirm the 11-24-06 Opinion & Award.  The Court will issue an appropriate order.

                                           s/ Mary L. Cooper
                                           **MARY L. COOPER**
                                           United States District Judge